## Western Steel Car & Foundry Company v. Matthew Nowalaniak.

### Gen. No. 13,279.

ORDINANCE—*requiring ringing of bell, etc., construed.* An ordinance pleaded and relied upon in this case, which required that in driving a locomotive a bell should be rung or a whistle sounded, etc., is construed as not applicable to a manufacturer who, for his own convenience, and the economy of moving materials and cars of his own build or construction, constructs and operates a railroad track within the limits of his private yards solely for manufacturing and moving his product.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded. Opinion filed June 25, 1907.

**Statement by the Court.** Appellee recovered a judgment in the Circuit Court for $8,000 against appellant for personal injury sustained by appellee April 21, 1903. This appeal is prosecuted to reverse the judgment.

It appears from the record that at the time of the accident complained of, appellant was operating a plant for building railroad freight cars at Hegewisch, Chicago, Illinois. The plant was entirely enclosed with a board fence. The enclosure was more than three-quarters of a mile in length from east to west and perhaps half a mile or more in width. In the operation of the plant several railroad tracks were used for the handling of materials, trucks and com-

pleted cars. These tracks were all within the private enclosure of appellant. For the movement of cars on the tracks within the enclosure a small "donkey engine" was used by appellant.

Appellee was employed by appellant to do such work upon the premises as he might be directed to do from time to time. For several weeks prior to his injury he had worked upon the track where he was injured and the one next south of it, and other tracks. The engine, which was owned and operated by appellant, during this time was constantly pushing or pulling cars over the tracks in the premises. On the day above mentioned appellee was ordered by the foreman to remove cinders from the track where he was injured, and to level up the ground between that track and the next one, using a wheelbarrow for that purpose. He was required to shovel cinders from between the rails into a wheelbarrow and then wheel them to the proper place of deposit. He testifies he was on the north track shoveling cinders from between the rails into a wheelbarrow and that he was run over by the engine and injured.

In the view we take of the case and the disposition we make of it, there appears to be no necessity of a more detailed statement of the facts which bear upon the questions of negligence of the defendant, contributory negligence of the plaintiff and assumption of risk by the plaintiff.

HORTON, BROWN, RICHOLSON & MILLER, for appellant.

FRANK A. ROCKHOLD, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The declaration is in four counts. The first count avers negligence in driving the locomotive against the plaintiff without ringing any bell, or sounding any whistle, or giving any warning, or keeping any look-

out ahead. The second count avers negligence gener-
ally in running and operating the engine. The third
count sets up an ordinance of the city of Chicago re-
quiring the bell on each locomotive to be rung con-
tinuously while running in the city limits, and avers
the failure of appellant to comply therewith. The
fourth count, as amended, avers that the locomotive
was not equipped with air brakes or any proper cab
wherein the engineer could keep a proper lookout.

The ordinance of the city was offered by the plaintiff
and received in evidence, over defendant's objection.

The plaintiff asked and the court gave the following
instruction:

"The court instructs the jury that if they believe
from the evidence and under the instructions of the
court that the plaintiff was in the exercise of ordinary
care and caution for his own safety just at and before
the injury, and if the jury further believe from the evi-
dence he was injured by or in consequence of the neg-
ligence of the defendant as charged in the declara-
tion, then you should find the defendant guilty."

Errors are assigned by appellant upon the admis-
sion in evidence of the ordinance, and the giving of the
above instruction.

In behalf of appellee it is insisted that the objec-
tions made by appellant to the introduction of the ordi-
nance in evidence were specific, and were not based
upon the grounds now urged; and that counsel cannot
now be heard to raise new objections for the first
time.

If the point depended upon the objections to the evi-
dence we would be inclined to agree with counsel that
the objections made do not raise the question of the
application of the ordinance to a manufacturer, such
as appellant is. But the assignment of error on the
instruction above quoted in connection with the evi-
dence and the averment of the ordinance in the declar-
ation brings the point before us for decision.

An examination of the ordinance pleaded and in-

troduced leaves no doubt in our minds that it was intended to regulate the operation of railroads, as such, within the city limits. This intention is apparent from the general scope of the ordinance, and the particular provisions in each section. It was not, in our opinion, intended to apply to a manufacturer, who, for his own convenience, and the economy of moving materials and cars of his own build or construction, constructs and operates a railroad track within the limits of his private yards solely for manufacturing and moving his product.

The evidence shows that appellant is a manufacturing corporation engaged in building railroad freight cars. It is not a railroad, nor is it engaged in any sense in the business of a railroad company. There is no controversy upon this question in the record. The track where appellee was injured was not a railway track within the meaning of the ordinance, although it was of the same width and construction as ordinary railways, and a locomotive was operated upon it for the purpose stated. It was wholly within appellant's private yard or enclosure. It was not a common or public highway. It did not cross or run upon a public highway. It was not used for transportation of freight or passengers for the public. It was used exclusively by appellant, in the processes of manufacture.

The instruction given by the court authorized the jury to apply the ordinance averred in the declaration and introduced in evidence, to appellant, and if the jury believed from the evidence that appellant was negligent of any duty or act required by the ordinance, the jury were directed to find appellant guilty. This was manifest error, for the reason above suggested; that the ordinance had no application to appellant or its business, or its railway tracks within its private grounds.

Inasmuch as the judgment in this case must be re-

versed and the cause remanded for another trial for the error indicated, it is unnecessary to pass upon, and we refrain from passing upon the question of assumption of risk by appellee, the question of contributory negligence on the part of appellee, the question of negligence of appellant or any other question raised by the assignment of errors. When the question of fact in this case shall have been properly submitted to a jury, and the case shall be again before us for review, it may then be necessary for this court to examine and pass upon the questions of fact upon the evidence in such record.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*